UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT SCRIBNER,

                              Plaintiff,

      v.                                                6:24-cv-00252 (AMN/TWD)

STATE OF NEW YORK OFFICE OF COURT
ADMINISTRATION, MATTHEW ZIENO, and
JOHN YARDMAN,

                              Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FINN LAW OFFICES**<br>P.O. Box 966<br>Albany, New York 12201<br>*Attorneys for Plaintiff* | **RYAN M. FINN, ESQ.** |
| **HON. LETITIA JAMES**<br>New York State Attorney General<br>Utica State Office Building<br>207 Genesee Street – 5th Floor<br>Utica, New York 13501 | **JOHN C. JENSEN, ESQ.**<br>**YVETTE VELASCO, ESQ.** |
| 300 South State Street – Suite 300<br>Syracuse, New York 13202<br>*Attorneys for Defendants* | **ELIZABETH V. LOMBARDI, ESQ.**<br>**TIMOTHY P. MULVEY, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       On December 16, 2023, Plaintiff Robert Scribner ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants State of New York Office of Court Administration ("Defendant OCA"), Matthew Zieno, and John Yardman (together with Defendant OCA, "Defendants"), alleging violations of his rights under the First, Fourth, Fifth,

Sixth, and Fourteenth Amendments as a result of his resignation from his employment with Defendant OCA.  Dkt. No. 2 ("Complaint").  On February 21, 2024, Defendants removed this action to federal court given Plaintiff's federal claims.  Dkt. No. 1; *see also* 28 U.S.C. §§ 1331, 1441.

Presently before the Court is Defendants' motion for judgment on the pleadings pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12").  Dkt. No. 16 ("Motion").  Plaintiff partially opposed the Motion, Dkt. No. 21, and Defendants filed reply papers in further support, Dkt. No. 22.  For the reasons set forth below, the Motion is granted.

## II.     BACKGROUND

Unless otherwise noted, the following facts are drawn from the Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record, *see Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

### A.  The Parties

Plaintiff was a law enforcement officer for 24 years, and most recently served as a courtroom officer employed by Defendant OCA.  Dkt. No. 2 at ¶ 3.

At all relevant times, Defendant OCA also employed Defendant Zieno as a sergeant and Plaintiff's supervisor, *id.* at ¶ 4, and Defendant Yardman as their captain, *id.* at ¶ 5.

### B.  Plaintiff's Factual Allegations

Plaintiff alleges that in January 2020, he had an "unusual incident" with "a criminal defendant appearing at the Oneida City Court," which Plaintiff "promptly reported."  *Id.* at ¶¶ 7–8.  Plaintiff states that he "had no previous write-ups in his personal folder at the time of the alleged

misconduct" in January 2020. *Id.* at ¶ 21.

Subsequently, Plaintiff alleges that Defendants conducted "an unfair and flawed misconduct investigation . . . one year after the alleged incident," *id.* at ¶¶ 11–12, and that Defendants falsely accused him "of trying to cover up the incident, an accusation which became the main issue in the investigation rather than the alleged misconduct itself," *id.* at ¶ 13.

Plaintiff next alleges that he heard "very little about the incident" until June 1, 2021, at which time he received misconduct charges from Defendants for (i) failing to handcuff the criminal defendant; (ii) entering the criminal defendant's holding cell with a firearm; (iii) failing to report medical treatment for the criminal defendant; and (iv) failing to notify his supervisor of the unusual incident with the criminal defendant. *Id.* at ¶¶ 8, 14–18. Plaintiff states that these charges were meritless and "based on fabricated evidence and lie[s]." *Id.* at ¶¶ 14–18, 22.

Plaintiff further alleges that, because of these charges, he "was informed that he would lose his job before any proceedings were held" and "was told that any attempt to challenge the dismissal at an arbitration hearing would be futile as it was a 'kangaroo court.'" *Id.* at ¶¶ 9–10. Plaintiff asserts that Defendants "created an environment so intolerable and adverse that Plaintiff was left with no reasonable alternative but to resign" and that he did so as a result. *Id.* at ¶¶ 23–24.

### C. Plaintiff's Legal Claims

Based on these allegations, the Complaint asserts five claims pursuant to Section 1983: (i) violations of Plaintiff's due process rights under the Fifth and Fourteenth Amendments, *id.* at ¶¶ 25–27; (ii) constructive discharge as the result of a hostile work environment, *id.* at ¶¶ 28–31; (iii) a stigma-plus violation under the Fourteenth Amendment, *id.* at ¶¶ 32–35; (iv) violations of Plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments as a result of fabricated evidence, *id.* at ¶¶ 36–42; and (v) a violation of Plaintiff's "First Amendment right to free speech,"

*id.* at ¶ 1. *See also* Dkt. No. 16-3 at 9–10;[1] Dkt. No. 21 at ¶¶ 22–25.

### III.     STANDARD OF REVIEW

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleadings, the court may consider documents that are "integral" to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

## IV.     DISCUSSION

The Motion seeks judgment on the pleadings as to all five of Plaintiff's claims. Dkt. No. 16-3. In response, Plaintiff withdrew his third and fourth claims against Defendants, Dkt. No. 21 at ¶ 26, and did not oppose dismissal of his fifth claim, *see generally id.*; *see also Worley v. Simon Meyrowitz & Meyrowitz, P.C.*, No. 23-187-cv, 2023 WL 8664375, at *3 (2d Cir. Dec. 15, 2023). Accordingly, the Motion is granted as to these three claims. The Court addresses Plaintiff's arguments regarding his first and second claims, asserting violation of his procedural due process rights and constructive discharge, below.

### A. Procedural Due Process

Defendants argue that Plaintiff has failed to establish a procedural due process claim under the Fourteenth Amendment because he (i) has not alleged that he had a protected interest in the job he resigned,[2] and (ii) even he did have such an interest, Plaintiff did not elect to participate in the post-deprivation process available to him. Dkt. No. 16-3 at 17–20. Plaintiff's opposition

---

[2] Defendants have submitted a stipulation of settlement signed by Plaintiff in connection with his resignation. *See* Dkt. No. 16-2. Because resolution of the Motion does not require consideration of this document, the Court need not determine whether this document is "integral" to Plaintiff's pleadings. *See Mangiafico*, 471 F.3d at 398; *Lively*, 6 F.4th at 304–06.

asserts, in conclusory fashion and without citation to his Complaint, that he did have a protected interest in his job and did not receive due process. *See, e.g.,* Dkt. No. 21 at 6, 9.

"To prevail on a Fourteenth Amendment procedural due process claim, [Plaintiff] must demonstrate '(1) that Defendants deprived him of a cognizable interest in 'life, liberty, or property,' (2) without affording him constitutionally sufficient process.'" *Baltas v. Maiga*, 119 F.4th 255, 263 (2d Cir. 2024) (quoting *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017)).

The Court agrees with Defendants that Plaintiff has failed to allege that he had such an interest in his job. Tellingly, Plaintiff does not cite to any portion of his Complaint that alleges such a protected interest. *See generally* Dkt. No. 21. Nor has the Court identified any allegation that does so. *Compare* Dkt. No. 2*, with Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002) ("[I]n this circuit, a person may possess a protected interest in public employment if contractual or statutory provisions guarantee continued employment absent 'sufficient cause' for discharge or he can prove a *de facto* system of tenure.") (citation omitted). The Complaint simply alleges that Plaintiff was deprived "of his property interest in his job without due process of law." Dkt. No. 2 at ¶ 26. As a general matter, however, such conclusory pleading fails to state a claim. *See Iqbal*, 556 U.S. at 678. And more specifically, "[t]he default rule in this Circuit is that prospective government employment is not a protected property interest." *Richardson v. N.Y.C. Bd. of Educ.*, 711 F. App'x 11, 15 (2d Cir. 2017) (first citing *Abramson*, 278 F.3d at 100; and then citing *MacFarlane v. Grasso*, 696 F.2d 217, 221 (2d Cir. 1982)). Moreover, because "Plaintiff does not make any such claim in the [ ] Complaint . . . [he] cannot (as a party represented by counsel) constructively amend the [ ] Complaint merely by making arguments in a response brief." *Lama v. Meta Platforms, Inc.*, 732 F. Supp. 3d 214, 223 (N.D.N.Y. 2024).

Plaintiff has thus failed to state a procedural due process claim.³ *Richardson*, 711 F. App'x at 14 ("In the absence of a protected property interest, a procedural due process claim must fail."). Accordingly, the Motion is granted as to Plaintiff's Fourteenth Amendment claim.⁴

**B. Constructive Discharge**

As to Plaintiff's second claim, Defendants primarily argue that Plaintiff has failed to allege that they created a hostile work environment, let alone that Plaintiff was constructively discharged as a result. Dkt. No. 16-3 at 11–17. In opposition, Plaintiff concedes the absence of discrimination. Dkt. No. 21 at 8; *see also* Section IV.A, *supra*.

The Court again agrees with Defendants. Plaintiff's second claim under Section 1983 is indeed constructive discharge based on a hostile work environment. *See* Dkt. No. 2 at ¶¶ 29–30 ("Defendants, through their actions, intentionally created a hostile work environment so unbearable that a reasonable person in Plaintiff's position would have felt compelled to resign. [ ] As a direct and proximate result of Defendants' wrongful conduct and constructive discharge, Plaintiff suffered [damages.]"). "To establish a hostile work environment claim under § 1983, a plaintiff must show that the workplace is 'permeated with discriminatory intimidation, ridicule,

---

³ Even if the Complaint did allege a protected interest, Plaintiff has not adequately alleged that the process he received was constitutionally deficient. *See, e.g., Ibekweh v. Ascend Learning, Inc.*, No. 22-cv-1587, 2023 WL 6292526, at *5 n.6 (S.D.N.Y. Sept. 27, 2023) ("The complaint also fails to allege the second element of the procedural due process inquiry – deprivation of an interest without constitutionally adequate process. [Plaintiff] does not allege anywhere what process was due, or what process he did or did not receive with regard to his suspension and termination.") (citations omitted).

⁴ Plaintiff's procedural due process claim under the Fifth Amendment is also dismissed. "It is well settled that the Fifth Amendment Due Process Clause applies only to the federal government, and not to state or municipal governments." *Burrell v. Van Winkler*, No. 24-cv-1169, 2024 WL 4957174, at *4 (N.D.N.Y. Oct. 30, 2024) (collecting cases). "Defendants are not alleged to be federal actors, and, accordingly, Plaintiff's claims for Fifth Amendment due process violations are dismissed." *Kennedy v. City of Albany*, No. 15-cv-491, 2015 WL 6394513, at *5 (N.D.N.Y. Oct. 22, 2015).

and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create[s] an abusive working environment.'" *Kunik v. N.Y.C. Dept. of Educ.*, 842 F. App'x 668, 671 (2d Cir. 2021) (alterations in original) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 320–21 (2d Cir. 2015)). And "to state a prima facie case of constructive discharge, [Plaintiff] must establish that the constructive discharge 'occurred in circumstances giving rise to an inference of discrimination on the basis of [his] membership in [a protected] class.'" *Terry v. Ashcroft*, 336 F.3d 128, 152 (2d Cir. 2003) (second and third alterations in original) (quoting *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir. 1996)). The Complaint, however, alleges neither discrimination against Plaintiff nor his membership in a protected class, *see generally* Dkt. No. 2, and, moreover, Plaintiff concedes that no discrimination took place, *see* Dkt. No. 21 at 8; Dkt. No. 22 at 10. Plaintiff has thus failed to state a claim for constructive discharge based on hostile work environment. Accordingly, the Motion is granted as to this claim.

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' motion for judgment on the pleadings, Dkt. No. 16, is **GRANTED**, as set forth in Section IV of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff's complaint, Dkt. No. 2, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close the case.

**IT IS SO ORDERED.**

Dated: February 13, 2025
      Albany, New York

Anne M. Nardacci
U.S. District Judge